```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
IN RE: SUBPOENAS ISSUED TO JAMS, INC.:
and CAROL A. WITTENBERG,             :
                                     :
             Nonparty Respondents.   :     17mc207 (DLC)
                                     :
-------------------------------------:     MEMORANDUM OPINION
                                     :          AND ORDER
CONNIE BERTRAM,                      :
                                     :
             Plaintiff,              :
                                     :
             -v-                     :
                                     :
PROSKAUER ROSE LLP,                  :
                                     :
             Defendant.              :
                                     :
-------------------------------------X

APPEARANCES:

For JAMS, Inc. and Carol A. Wittenberg:
William E. Wallace
Capital Legal Group PLLC
1717 Pennsylvania Ave., NW #1025
Washington, District of Columbia 20006

For Connie Bertram:
Andrew Melzer
Alexandra Harwin
Sanford Heisler Sharp, LLP
1350 Avenue of the Americas, 31st Floor
New York, New York 10019

David Sanford
Sanford Heisler Sharp, LLP
1666 Connecticut Avenue NW, Suite 300
Washington, District of Columbia 20009

Kevin Sharp
Sanford Heisler Sharp, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203
```

DENISE COTE, District Judge:

On July 20, 2018, plaintiff Connie Bertram[1] moved for relief from this Court's June 29, 2018 Order pursuant to Rule 60(b)(1), Fed. R. Civ. P. She claims that because of "a clerical mistake, [p]laintiff never received notice of the Court's orders" requiring her to submit briefing or dismissing this case. For the following reasons, the Rule 60(b)(1), Fed. R. Civ. P., motion is denied.

## BACKGROUND

This proceeding arises out of a litigation pending in the United States District Court for the District of Columbia between plaintiff Connie Bertram and defendant Proskauer Rose LLP ("Proskauer"). Bertram v. Proskauer Rose LLP, No. 17-cv-901-ABJ (D.D.C.). After a mediation to resolve that dispute, Bertram served subpoenas on the mediator, Carol A. Wittenberg ("Wittenberg"), and the mediation organization, JAMS, Inc. ("JAMS"). Bertram claimed that during the mediation, Proskauer made a retaliatory threat to terminate her from her partnership. Her subpoenas sought Wittenberg's notes, and "all other documents which memorialize or reference alleged threats or statements made by Defendant Proskauer Rose LLP, its

---

[1] Plaintiff previously was proceeding pseudonymously as "Jane Doe." As her name has apparently been unsealed in the main litigation, and was filed openly in plaintiff's motion, this Memorandum Opinion will refer to her by her actual name.

2

representatives, or its agents to terminate Plaintiff from the Proskauer Rose LLP law firm." On June 16, 2017, JAMS and Wittenberg moved this Court to quash the subpoenas.

After briefing and argument, this Court granted the motion to quash. The Court found not only that the mediation agreement signed by the parties supported quashing that subpoenas, but also that "strong public policy reasons" necessitated that result. Those rulings were memorialized in a July 28, 2017 Order.

Both sides appealed. On April 26, 2018, the Second Circuit remanded this case pursuant to United States v. Jacobsen, 15 F.3d 19, 22 (2d Cir. 1994). The Second Circuit instructed this Court to conduct an in camera review of Wittenberg's notes "to determine whether [JAMS and Wittenberg] have effectively responded to the subpoenas." In re JAMS, Inc., 720 F. App'x 653, 654 (2d Cir. 2018) (summary order). It also instructed this Court to "consider, whether, based on the representations of appellees at oral argument and [this Court's] review of the contents of Wittenberg's notes, this case is moot." Id. The mandate issued on May 17, 2018.

A May 24 Order required JAMS and Wittenberg to supply copies of Wittenberg's notes for in camera review. The notes were transmitted by letter of May 25 and received in Chambers on May 29. On May 29, Bertram's counsel filed a letter on this

Court's ECF Docket claiming that "JAMS' [May 25] letter engages in improper and unnecessary commentary."

A June 8 Order required both parties by June 18 to simultaneously brief the question of whether, if the in camera review of Wittenberg's notes showed that the notes did not reference or memorialize any alleged threat, the case was moot. On June 15, counsel for Wittenberg and JAMS submitted a brief on this Court's ECF Docket, and served that brief on plaintiff's counsel by electronic mail. Plaintiff's counsel did not file a brief.

A June 29 Order dismissed this case as moot. The Order determined that the Wittenberg's notes do not reference or memorialize any alleged threat made by Proskauer to terminate Bertram. It also took note of the suggestion at oral argument before the Second Circuit that the subpoenas had effectively become limited to any notes or other documents that referenced or memorialized any threats. Accordingly, because JAMS and Wittenberg had responded to the subpoena as so-limited, the case was required to be dismissed as moot.

On July 11, 2018, Bertram filed a letter on this Court's ECF Docket seeking permission to file a redacted version of a proposed motion for relief under Rule 60(b), Fed. R. Civ. P. This Court approved the proposed redactions on July 12, 2018. It was not until July 20, however, that Bertram filed the

4

motion, after making so-called "very minor edits" to the public portion of the motion.

According to Bertram, due to a "clerical mistake" by this district's "Clerk's office . . . Plaintiff's counsel is not currently entered into the case" and her counsel "never received the Court's June 8 order. Nor did Plaintiff's counsel receive the Court's June 29 Order dismissing this case as moot. In fact, Plaintiff's counsel only learned of the dismissal, and the prior order, inadvertently on July 5, 2018." In a footnote, however, which appears to be the "very minor" edit, Bertram's counsel admits that they had received JAMS's and Wittenberg's June 15 brief directly from their counsel.

The "clerical mistake" is described by Bertram as follows: Despite filing a notice of appearance on June 30, 2017, Bertram's counsel claims to have been "removed" from ECF's notification system by the Clerk's Office due to a "clerical mistake." As a result, Bertram's counsel did not receive electronic notices of recent docket events, despite having received such notices earlier in this case. This district's ECF system records tell a different tale. They show that Bertram's counsel never received e-mailed notices of electronic filing at any point during this case, and was not recently "removed" from

5

receiving them.² Nor was there error on the part of the Clerk's Office. When Bertram's counsel filed a notice of appearance in June 2017, he failed to correctly associate himself with the party he represented: his notice of appearance was associated with the caption of the case rather than a particular party, which caused him not to be listed on the docket and not to receive any e-mailed notices of electronic filing.

## **DISCUSSION**

Rule 60(b)(1), Fed. R. Civ. P., provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise or excusable neglect." Bertram contends that the judgment should be vacated because of her counsel's "excusable neglect." The Supreme Court has held that such motions are to be considered in light of four factors: "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"

---

² When an appeal is taken to the Second Circuit Court of Appeals, an electronic copy of this Court's docket is uploaded to the Second Circuit's docket. In this case, a copy of the notice of electronic filings from the notices of appeal were also included. The Second Circuit's docket from the appeal from this case confirms that notices of electronic filing were not being mailed to Bertram's counsel from this Court, nor was he listed on this Court's docket when the appeals were taken. See In re JAMS, Inc., 720 F. App'x 653, No. 17-2607, Dkt. 4-2 and 18-2 (2d Cir. 2018).

6

Silvanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 395 (1993)) (alterations in original). The Second Circuit has said that "[i]n the typical case, the first two Pioneer factors will favor the moving party," id., and that "rarely . . . is the absence of good faith at issue." Id. Therefore, "despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." Id. (citation omitted).

This case is a typical case: the first, second, and fourth factors generally favor Bertram. The third factor, however, does not. This Court's ECF Rule 9.1 states that "[i]t remains the duty of Filing and Receiving Users to . . . regularly review the docket sheet of the case." ECF Instruction 13.14 further provides that: "[E]-mail is not infallible. It remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case in order not to miss a filing." And, whenever an attorney logs in to this Court's ECF system, emblazoned on the home page of that system is the text "**Important Note –** 'It remains the duty of the attorney for a

7

party to review regularly the docket sheet of the case.' (SDNY ECF Rule #9)."[3]

In this case, by Bertram's counsel's own admission, they failed to check the docket of this case for at least a four-week period, from June 8, 2018 to July 5, 2018, which was the period immediately following this Court's receipt of the approximately 15 pages of notes for in camera review. There appears to have been no clerical mistake on the part of this district's Clerk's Office -- the error appears to have originated from Bertram's counsel. More importantly, the records of this district's ECF system and the Second Circuit's docket show that Bertram's counsel never received e-mailed notifications of docket events from this Court in this case. Bertram's counsel should have contacted this district's ECF Help Desk to rectify the situation, and ensured that he was regularly checking the docket sheet of the case. Moreover, JAMS and Wittenberg's counsel e-

---

[3] ECF Instruction 20.2 also provides the following Question and Answer:
>**20.2 If the attorney's name is on the docket sheet why doesn't the attorney receive e-mail notification of filings?**
>It could be because the attorney's name was added to the docket sheet before the attorney obtained an ECF password. In that case the attorney's name and firm address will appear at the top of the docket sheet, but the e-mail address will be missing. If this is the case the solution is to obtain an ECF password. Or it could be because the attorney filed a Notice of Appearance but failed to check the "Notice" box when creating an association with the client. In this case, call the ECF Help Desk at (212) 805-0800.

mailed a copy of their June 15 brief to Bertram's counsel. Although Bertram's counsel does not recall receiving that brief, there has been no reason provided for why that should not have been additional notice to Bertram's counsel of the June 18 filing deadline.

Two other factors bear on the disposition of this motion. First, Bertram's counsel claims that "Plaintiff took action to vacate the judgment within days of learning that she never received notice of the Court's orders." It appears that from July 5 to July 11, Bertram was likely preparing the motion. But there has been no explanation provided for the delay from July 12, when the redactions were approved, to July 20, when the motion was actually filed.

Second, Bertram has not identified any prejudice from her lack of an opportunity to submit a brief prior to the June 29 Order disposing of the motion. She has not provided even a preview of the argument she would have made, or in any way explained how this Court's June 29 Order was incorrect.

It is always an unfortunate result when the errors of counsel must be visited on their client. But, when counsel does not even attempt to describe the arguments that might be made if the error were excused, there is no reason to hesitate in applying the Pioneer factors and denying the request. Rule 60(b)(1), Fed. R. Civ. P., does not permit the relief sought

9

here.

## **CONCLUSION**

Bertram's July 20, 2018 motion for relief from the June 29, 2018 Order pursuant to Rule 60(b)(1), Fed. R. Civ. P. is denied.

SO ORDERED:

Dated: New York, New York
July 24, 2018

_____
DENISE COTE
United States District Judge